**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

SHARON LYNN DAVIS,

        Petitioner,                      Case No. 1:17-CV-13955

v.                                          Honorable Thomas L. Ludington
                                              United States District Judge

SHAWN BREWER,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Sharon Lynn Davis, presently incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by entry of her guilty plea in the Ingham County Circuit Court of unarmed robbery, Mich. Comp Laws § 750.530. Petitioner was sentenced to seventy months to fifteen years in prison. Petitioner argues that she was not competent at the time of her plea and sentencing and that she was denied her right to allocution at sentencing because of her mental incompetency. Respondent has filed an answer to the petition, asserting that the claims lack merit. The petition will be denied because Petitioner's claims lack merit.

I.

Petitioner was charged with armed robbery and being a fourth felony habitual offender.

On December 4, 2015, Petitioner's defense counsel filed a Petition for Referral to Determine Defendant's Competency to Stand Trial, based on Petitioner's psychiatric treatment

history and Paranoid Schizophrenia diagnosis.[1] The trial judge signed an order for a competency examination that same day.[2]

Petitioner was interviewed by Dr. Nicole Huby at the Center for Forensic Psychiatry on January 7, 2016.[3] Dr. Huby concluded that Petitioner was competent to stand trial.[4] Dr. Huby found that Petitioner was "keenly aware of her legal predicament," understood the legal proceedings, had "good decision making skills," with "no acute psychiatric impairment," and was "able to engage appropriately with [Dr. Huby] and could do the same with her defense attorney, if she so chose."[5]

The trial judge issued a Finding and Order of Competency on March 9, 2016, finding Petitioner to be unconditionally competent to stand trial.[6]

On July 20, 2016, Petitioner pleaded guilty to an added count of unarmed robbery. (Tr. 7/20/2016, p. 4). In exchange for her plea, the prosecutor agreed to dismiss the original armed robbery charge and the supplemental information charging Petitioner with being a habitual offender. The prosecutor also agreed not to charge Petitioner with a separate case. (*Id.*, pp. 4,7).

Petitioner was advised of the maximum penalty of the crime that she was pleading guilty to and the rights that she was waiving by pleading guilty. Petitioner indicated several times that she understood the penalty for the crime that she was pleading guilty to and the rights that she was waiving by pleading guilty. Petitioner also affirmed that the parties had accurately stated the terms

---

[2] See ECF 9-4, Pg ID 169.

[3] See ECF 9-4, Pg ID 171.

[4] See ECF 9-4, Pg ID 171, 176-77.

[5] See ECF 9-4, Pg ID 175-77.

[6] See ECF 9-4, Pg ID 178.

of the plea agreement on the record. (*Id.*, pp. 4-9). Petitioner furnished a factual basis for her plea by informing the judge that she went into a Dollar Tree store and told the clerk that she had a gun in order to obtain money from the clerk. (*Id.*, pp. 9-10).

Petitioner was sentenced on August 24, 2016. The judge asked her if she had anything to say on her behalf. Petitioner responded:

> That I'm sorry to the Court and to you, Your Honor, and the people that I did wrong to. And that I owed that and the Court would not to slam me in prison, to give me a chance and I can do better. That I didn't mean to do all of what I did, but I was on drugs. And I have -- I have a problem. When I moved to Grand Rapids nobody would help me get the meds that I needed, so I self-medicated myself, which was wrong, and I know that it was wrong. Then I am just asking for help and for the Court to have mercy on me and help me.

(Tr. 8/24/16, p. 7).

Petitioner was sentenced to 70 months to fifteen years in prison. (*Id.*, p. 8).

Petitioner's conviction and sentence was upheld on appeal. *People v. Davis,* No. 336562 (Mich.Ct. App. Mar. 7, 2017); *lv. den.* 501 Mich. 863, 900 N.W. 2d 647 (2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Whether the trial court had an obligation to determine whether defendant was competent at the time of sentence.

II. Whether defendant was denied the right to meaningful allocution due to lack of competency.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F. 3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (*quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000)(internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F. 3d 81, 84 (6th Cir. 1996)(stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision

unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court has explained that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010)(finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached")(internal quotation marks and citations omitted); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)(noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application' 'of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court")(*quoting Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)).

The Michigan Court of Appeals denied Petitioner's application for leave to appeal in a form order for "lack of merit in the grounds presented." Mich. Ct. of Appeals Order, ECF 9-4. The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require

that there be an opinion from the state court that explains the state court's reasoning. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 99-100.

The Michigan Court of Appeals rejected Petitioner's appeal for "lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order. Mich. Ct. of Appeals Order, ECF 9-4. Thus, the AEDPA deferential standard of review applies because these orders amounted to a decision on the merits. *See Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

III.

A.

Petitioner first claims that the state trial judge erred in failing to determine whether she was mentally competent to plead guilty or to be sentenced. Petitioner contends that she was mentally incompetent because she has been diagnosed as a paranoid schizophrenic, suffers from depression, and has been prescribed Seroquel. Petitioner also argues that her mental incompetency prevented her from being able to allocute at sentencing.

A defendant may not be put to trial unless he or she has a sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and a rational and factual

understanding of the proceedings against him or her. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Dusky v. United States*, 362 U.S. 402, 402 (1960). The competency standard for pleading guilty is the same as the competency for standing trial and is not a higher standard. *Godinez v. Moran*, 509 U.S. 389, 398 (1993). The Sixth Circuit has applied the *Dusky* standard in evaluating a defendant's competency to proceed to sentencing. *See United States v. Washington*, 271 F. App'x. 485, 490 (6th Cir.2008).

A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after petitioner's mental competency was put in issue. However, to succeed on the procedural claim, a habeas petitioner must establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d 1339, 1343 (10th Cir. 1999)(internal citations omitted)(emphasis added); *Hastings,* 194 F. Supp. 2d at 670. Evidence of a defendant's irrational behavior, his or her demeanor at trial or at another court proceeding, and any prior medical opinions on competence to stand trial are all relevant in determining whether further inquiry by a trial court on a defendant's mental state is required. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). Even one of these factors standing alone may be sufficient to trigger a further inquiry into a defendant's mental fitness to stand trial in some circumstances. *Id.* However, there are no fixed or immutable signs which invariably indicate the need for a further inquiry to determine the fitness to proceed. *Id.* There must be some manifestation or conduct on a habeas petitioner's part "to trigger a reasonable doubt as to his or her competency." *Hastings v. Yukins,* 194 F. Supp. 2d at 671. A trial judge is allowed to rely on his or her own observations of the

defendant's comportment or demeanor to determine whether that defendant is competent to stand trial. *Id.* (*citing to Bryson v. Ward*, 187 F. 3d 1193, 1201 (10th Cir. 1999)).

A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand trial or to plead guilty. *Godinez v. Moran*, 509 U.S. at 401, n. 13. "The due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). The question for a reviewing court is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000)(quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983)(additional quotation omitted).

"A state-court determination of competence is a factual finding, to which deference must be paid." *Franklin,* 695 F. 3d at 447 (citing *Thompson v. Keohane*, 516 U.S. 99, 108–11 (1995)). A state court's factual determination regarding a defendant's competency to plead guilty is also entitled to the presumption of correctness in habeas corpus proceedings. *Hastings v. Yukins,* 194 F. Supp. 2d at 670. Petitioner has the burden of rebutting the presumption of correctness of the state court's determination of his or her competency by clear and convincing evidence. *Doughty v. Grayson,* 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005). Moreover, regardless of whether a federal habeas court would reach a different conclusion regarding a habeas petitioner's competence to stand trial were it reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary, and this deference must be paid even to state-court factual findings made on appeal. *Franklin,* 695 F. 3d at 447.

Petitioner's procedural competency claim fails because there is no evidence in the record which should have raised a *bona fide* doubt by the trial court judge as to Petitioner's competency to plead guilty or to be sentenced. Petitioner is not entitled to relief because she failed to show that the judge was "clearly wrong" in believing the Forensic Center report finding Petitioner competent to stand trial or that the judge's decision that Petitioner was competent to stand trial, plead guilty, or to be sentenced was an unreasonable determination of the facts. *See Franklin v. Bradshaw*, 695 F.3d at 449.

A habeas petitioner can also raise a substantive competency claim by alleging that he or she was tried and convicted while mentally incompetent. However, a habeas petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency and must demonstrate her incompetency by a preponderance of the evidence. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d at 1344; *Hastings v. Yukins,* 194 F. Supp. 2d at 671. To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial. *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)(internal quotations omitted). A habeas petitioner is entitled to an evidentiary hearing on the issue of his or her competency to stand trial "if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court." *Id.* However, "[a]lthough retrospective determinations of competency are not prohibited, they are disfavored, and the Court will give considerable weight to the lack of contemporaneous evidence of petitioner's incompetence." *Thirkield,* 199 F. Supp. 2d at 653.

The only evidence that Petitioner offers to support her claim that she was incompetent to plead guilty or to be sentenced was that she has been diagnosed as a paranoid schizophrenic, suffers

from depression, and has been prescribed Seroquel. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs automatically equates to incompetence. *See Burket v. Angelone*, 208 F. 3d 172, 192 (4th Cir. 2000); *Hastings v. Yukins,* 194 F. Supp. 2d at 671-72. That is, mental illness in and of itself does not equate with incompetency to stand trial. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir.1996); *See also Mackey*, 217 F.3d at 410-14 (upholding determination that habeas petitioner was competent despite an earlier diagnosis of schizophrenia and an affidavit from the defendant's lawyer stating that his client "exhibit[ed] great difficulty in communicating and assisting with his defense."). Depression in and of itself also does not establish a criminal defendant's mental incompetency. *See e.g. Nowak v. Yukins*, 46 F. App'x. 257, 259 (6th Cir. 2002)(habeas petitioner failed to show that her depression amounted to mental incompetence that would justify tolling limitations period for filing habeas petition). The fact that a defendant has been prescribed psychotropic drugs also does not automatically establish that the defendant was not mentally competent. *See Otte v. Houk*, 654 F.3d 594, 600-01 (6th Cir. 2011).

Petitioner has presented no evidence that she was unable to understand the proceedings against her or assist her attorney at the guilty plea or at sentencing. The trial judge engaged in a lengthy colloquy with Petitioner at the guilty plea hearing, in which she clearly and lucidly answered the judge's questions in an appropriate manner. Petitioner also furnished a factual basis for her guilty plea. There is nothing in the record to indicate that Petitioner did not understand the proceedings or that she responded inappropriately to the judge's questions or to her own counsel's comments. Significantly, nothing in the record establishes that Petitioner was confused or unable to participate in the proceedings. Petitioner has presented no evidence that she was not in possession of her mental facilities at the time that she pleaded guilty. Therefore, any "after the

fact" incompetency claim would be without merit. See *United States v. Calvin,* 20 F. App'x. 452, 453 (6th Cir. 2001); *Hastings v. Yukins,* 194 F. Supp. 2d at 672. Petitioner is not entitled to habeas relief on this claim because there was nothing in the guilty plea transcript to indicate that she could not understand the proceedings or was unable to make an intelligent decision to plead guilty. See e.g. *Thirkield,* 199 F. Supp. 2d at 653; *Hoffman v. Jones*, 159 F.Supp.2d 648, 655-57 (E.D. Mich. 2001).

Petitioner has also failed to present any evidence that she was not mentally competent at the time of sentencing. Petitioner responded appropriately to the judge's question about whether she wished to make any comments to the court. She made a fairly extensive and lucid statement in which she acknowledged that she had a drug problem and psychiatric issues and asked for mercy. Because there is nothing on the record from the sentencing or from Petitioner's allocution that raised questions about Petitioner's competency to proceed to sentencing, Petitioner is not entitled to relief on her claim. *See United States v. Harrison*, 146 F. App'x. 821, 823 (6th Cir. 2005). Petitioner is not entitled to habeas relief on her first claim.

Petitioner argues in her second claim that her mental incompetency prevented her from being able to allocute at sentencing.

There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F. 3d 1220, 1223 (6th Cir. 1997)(citing to *Hill v. United States*, 368 U.S. 424, 428 (1962)). Therefore, a trial court's failure to afford a defendant the right to allocution raises neither a jurisdictional or constitutional error cognizable on habeas review. *Scrivner v. Tansy*, 68 F. 3d 1234, 1240 (10th Cir. 1995); *See also Cooey v. Coyle,* 289 F. 3d 882, 912 (6th Cir. 2002)(declining to issue certificate of appealability on denial of allocution claim).

Moreover, the record establishes that Petitioner was able to allocute at sentencing. Petitioner is not entitled to relief on her second claim.

IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merit review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Furthermore, Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

V.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in her petition.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: September 11, 2018                             s/Thomas L. Ludington
                                                                          THOMAS L. LUDINGTON
                                                                          United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager